UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-CV-81091 ROSENBERG

SEALVER SAS, a French
Company,

    Plaintiff,

vs.

JETSKIBOAT USA INC., a Delaware
Corp., GALAR MARINE, LLC, a Delaware
Limited liability company, and MARCEL
GAUDREAULT, an individual.

    Defendants.
_____/

**MOTION TO ENFORCE SETTLEMENT AGREEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, JETSKIBOAT USA, INC., GALAR MARINE, LLC, and MARCEL GAUDREAULT ("Defendants"), by and through their undersigned counsel, hereby file this Motion to Enforce Settlement, and in support thereof states as follows:

**FACTUAL BACKGROUND**

1. On April 3, 2024, the Parties conducted its Settlement Conference before the Honorable Bruce E. Reinhart.

2. On June 21, 2024, Defendants and Plaintiff Sealver SAS ("Plaintiff") (Defendants and Plaintiff collectively, the "Parties"), executed its Confidential Settlement Agreement and Release ("Settlement Agreement"). A copy of the Settlement Agreement is attached as **Exhibit "A."**

3. The Settlement Agreement provided that, Plaintiff was to provide a settlement payment in the amount of $45,000.00 in exchange for Defendants to return, transfer, and/or destroy

1

the boat molds and parts. *Id.* The Settlement Agreement allowed Plaintiff to reduce the settled amount by $10,000.00 for a related payment Defendants made to EZ Trailers on Defendants' behalf. As such, what is due and owed to Plaintiff is $35,000.00 ("Settlement Payment").

4. Defendants completed its undertakings pursuant to the Settlement Agreement by delivering the molds and boat parts. Plaintiff was to remit the Settlement Payment to Defendants no later than July 28, 2024.

5. For over two weeks starting in early July, Defendants' counsel repeatedly would email Plaintiff's counsel attempting to confirm the July 28, 2024 as deadline for the Settlement Payment. Plaintiff's counsel was unresponsive and evasive. *See* various emails between undersigned and Plaintiff's counsel attached as **Exhibit "B."**

6. It was not until July 27, 2024 that Plaintiff's counsel suddenly advised undersigned that Plaintiff's Settlement Payment was not due until August 23, 2024. Despite Defendants disagreeing with the new deadline, in an effort to move this matter forward, Defendants agreed to wait until August 23, 2024 to receive the Settlement Payment. *See* various emails between undersigned and Plaintiff's counsel attached as **Exhibit "C."**

7. Plaintiff failed to make such payment on August 23, 2024.

8. On August 15, 2024, the Parties filed its Joint Stipulation of Dismissal with Prejudiced and on the Merits [ECF No. 58] requesting this Court to "retain jurisdiction over this action and the Parties for the sole purpose of enforcing the terms of the Settlement Agreement." Subsequently, the Court granted the Order of dismissal and retention of jurisdiction to enforce settlement agreement filed on August 15, 2024 [ECF No. 58-1].

9. Section 4(c) of Settlement Agreement provides that in an event of a breach of the agreement the nonbreaching party shall provide a (30) day notice to cure the breach. *See* Ex. A.

10. On August 24, 2024, undersigned sent its Notice to Cure material breach correspondence giving Plaintiff until September 23, 2024 to cure its material breach for failing to remit the Settlement Payment as required ("Notice to Cure"). *See* email dated August 24, 2024 providing Notice to Cure attached as **Exhibit "C."**

11. For reasons unbeknown to undersigned, on September 3, 2023, Allen, Dyer, Doppelt & Gilchrist, P.A. ("ADDG") filed its Motion to Withdraw as Counsel of Record for Plaintiff [ECF No. 60]. The Court subsequently denied Plaintiff's motion through an Order filed on September 10, 2024 [ECF No. 63], and directed Plaintiff to obtain substitute counsel no later than October 1, 2024, which then ADDG may re-file their motion to withdraw from representing Plaintiff.

12. On September 23, 2024, undersigned notified all requisite parties that it was moving to compel compliance with the Settlement Agreement, and seeking attorney fees and all other related damages for the non-compliance. *See* email dated September 23, 2024 attached as **Exhibit "D."**

13. The Settlement Payment was in exchange for Defendants providing boat molds to Plaintiff. Plaintiff 's destroyed the boat molds on the date that they were returned to Plaintiff (June 24, 2024). Thus, any attempt to void the settlement and put the parties back into the position of status quo is impossible. Further, the boat molds were worth far more than the Settlement Payment, which amounted to a compromised value for the molds to end litigation. This blatant destruction of property and intention breach of this Settlement Agreement constitutes fraud.

14. Accordingly, Defendants request for the Court to enter an order compelling Plaintiff to comply with its undertakings pursuant to terms of the Settlement Agreement, and for

attorney's fees and costs incurred in connection with the efforts to enforce the Settlement Agreement.

## ARGUMENT

District courts have inherent power to enforce settlement agreements. *See Ford v. Citizens & S. Nat'l Bank, Cartersville,* 928 F. 2d 1118, 1121 (11th Cir. 1991) (quoting *Cia Anon Venezolana de Navegacion v. Harris,* 374 F. 2d 33, 36 (5th Cir. 1967)). "A district court has jurisdiction to enforce settlement agreements when one party refused to abide by the agreement." *Le Bon Pain, Inc. v. Guyon & Co., Inc.,* 720 F. Supp. 983, 984-85 (S.D. Fla. 1989). Settlement agreements are highly favored, and will be enforced whenever possible. *Murchison v. Grand Cypress Hotel Corp.,* 13 F.3d 1483, 1486 (11th Cir. 1994) ("We favor and encourage settlements in order to conserve judicial resources.").

"A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Broadbent v. Edynak,* 06-21998-CIV, 2009 WL 4610711 (S.D. Fla. Dec. 1, 2009) (quoting *BP Products North America, Inc. v. Oakridge at Winegard, Inc.,* 469 F.Supp.2d 1128, 1133 (M.D.Fla.2007)). To determine if the contract is enforceable, courts look to traditional notions of offer and acceptance and basic contract law. *See Robbie v. City of Miami,* 469 So. 2d 1384, 1385 (Fla. 1985).

It is clear based on the record and the Parties executed Settlement Agreement that a valid contract was formed, in which the Court has jurisdiction to enforce such agreement. Here, Plaintiff undertook the obligation to remit payment within (30) days to Defendants after the delivery and transfer of its boat molds and parts. The Parties mutually agreed that August 23, 2024 was Plaintiff's deadline to remit the payment. Yet, failed to make the settlement payment and breached

their obligation under the Settlement Agreement. As noted above, Defendants provided a 30-day notice to cure the material breach and Plaintiff failed to cure.

WHEREFORE, Defendants JETSKIBOAT USA, INC., GALAR MARINE, LLC, and MARCEL GAUDREAULT request for the Court to enter an order compelling Plaintiff SEALVER SAS to comply with its undertakings pursuant to terms of the Settlement Agreement and for attorney's fees and costs incurred in connection with the efforts to enforce the Settlement Agreement.

## LOCAL RULE 7.1.A.3 CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned certifies that it has conferred in good faith with counsel for Sealver SAS through correspondences giving Sealver SAS an opportunity to cure its breach and in effort to resolve the issue raised herein without the need for further Court intervention, and was unable to do so.

**BLACK LAW P.A.**
*Attorney for Defendants*
1401 E Broward Blvd. Suite 204
Fort Lauderdale FL 33301
ph-954.320.6220 fx-954.320.6005

By:  /s/ *Kelsey K. Black*
      _____
**KELSEY K. BLACK**
Florida Bar No. 078925
kb@blacklawpa.com
**SULANY PEREZ**
Florida Bar No. 1028147
sp@blacklawpa.com