UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-cv-81091-LEIBOWITZ/REINHART

**SEALVAR SAS**,

    *Plaintiff,*

v.

**JETSKI BOAT USA INC.,** *et al.*,

    *Defendants.*

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Enforce Settlement Agreement (the "Motion") [ECF No. 64], filed on October 1, 2024. The deadline to file a response to the Motion was due on October 15, 2024, but Plaintiff failed to file a response. On October 28, 2024, the Court issued an Order to Show Cause, requiring Plaintiff to show cause by November 6, 2024 why the Motion should not be granted by default pursuant to Rule 7.1(c)(1) of the Local Rules for the Southern District of Florida. [ECF No. 66]. Alternatively, Plaintiff could respond to the Motion by the same date. [*Id.*]. To date, Plaintiff has failed to respond to the Order to Show Cause or to the Motion. The Court, having considered the Motion and being fully advised, will grant the Motion.

On June 21, 2024, Defendants and Plaintiff executed a Confidential Settlement Agreement and Release (the "Settlement Agreement"). [ECF No. 64-1]. The Settlement Agreement provides that Plaintiff was to provide a settlement payment amount of $45,000.00 in exchange for Defendants to return, transfer, and/or destroy the boat molds and parts. [ECF No. 64 ¶ 3; ECF No. 64-1 ¶ 2]. The Settlement Agreement allows Plaintiff to reduce that amount by $10,000.00 for a related payment

Defendants made to EZ Trailers on Defendants' behalf. [ECF No. 64-1 ¶ 2]. Thus, what is due and owed to Plaintiff is $35,000.00 (the "Settlement Payment"). Defendants completed their undertakings pursuant to the Settlement Agreement by delivering the molds and boat parts. [ECF No. 64 ¶ 4]. However, Plaintiff did not remit the Settlement Payment to Defendants within 30 days of taking possession of the molds and boat parts as required by the Settlement Agreement. [ECF No. 64-1]. In accordance with the Settlement Agreement, Defendants sent Plaintiff a notice to cure its breach of the Settlement Agreement on August 24, 2024, giving Plaintiff until September 23, 2024, to cure its breach. [ECF No. 64 ¶¶ 9, 10]. Plaintiff failed to cure its breach, so Defendants filed this Motion.

Settlement agreements are favored in the Eleventh Circuit as a means of conserving judicial resources. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994). "[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Labs, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002) (citing *Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981)). When a district court approves settlement and retains jurisdiction over the agreement, it may thereafter enforce the terms of the agreement. *American Disability Association, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002).

Rule 7.1(c)(1) of the Local Rules for the Southern District of Florida requires that "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." In this case, the time for filing a response to the Motion has passed, and Plaintiff has not served a response.

The parties in this case entered into an agreement, and the Court retained jurisdiction over this action and the parties for the sole purpose of enforcing the terms of the Settlement Agreement. [ECF No. 59]. Defendants now request that the Court exercise its authority to enforce the Settlement Agreement. Furthermore, Plaintiff has not filed a response in opposition to the Motion despite this

Court's Order to Show Cause.  Thus, the Court finds that Plaintiff's failure to respond should be deemed sufficient cause for granting the Motion by default pursuant to S.D. Fla. L.R. 7.1(c)(1).  *See Aldar Tobacco Grp., LLC v. Am. Cigarette Co., Inc.*, No. 08-62018-CIV, 2016 WL 9582830, at *2 (S.D. Fla. May 18, 2016), *report and recommendation adopted*, No. 08-62018-CIV, 2016 WL 9582831 (S.D. Fla. June 8, 2016).

In the Motion, Defendants also request attorney's fees and costs incurred in connection with their efforts to enforce the Settlement Agreement.  [ECF No. 64].  The Settlement Agreement provides that "[i]n the event either Party seeks relief from the Court to enforce the Agreement, the prevailing Party in such enforcement proceeding shall be entitled to recover, in addition to all other remedies, all reasonable costs and expenses, including its reasonable attorneys' fees and costs, incurred in connection with such a proceeding, as well as the costs related to this Agreement."  [ECF No. 64-1 ¶ 13].  Thus, the Court also finds that Defendants are entitled to attorney's fees and costs incurred in connection with their efforts to enforce the Settlement Agreement.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 64**] is **GRANTED** by default in accordance with S.D. Fla. L.R. 7.1(c)(1).  Plaintiff shall comply with the terms of the Settlement Agreement.  Defendants are entitled to an award of attorney's fees and costs incurred in connection with their efforts to enforce the Settlement Agreement and shall submit a motion for attorney's fees and costs within fourteen (14) days of this Order.

**DONE AND ORDERED** in the Southern District of Florida on November 21, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record